## WILLARD BROWN *vs.* CITY OF WORCESTER.

A provision, in the location of a highway by county commissioners, that the owner of a house, part of which comes within the location, " is to have the privilege to have his house remain as it is, and not to be required to remove it until he, his heirs or assigns have occasion to rebuild or remove it," does not prevent him from claiming damages for the expense of removing it, if rendered expedient by the location, or from claiming damages for injuries occasioned to it by such location.

A conveyance of land adjoining land of the grantor, and bounded on the same street, " with a right of way in the street to a street " on the other side of the grantor's land, and a covenant that the street on which the land is bounded shall be of a certain width as far as the granted land extends, is no evidence of an agreement of the grantor to dedicate to the public a strip necessary to make the street of the same width throughout its length.

Evidence that a grantor, at the time of making conveyances of lands bounded upon street, said to his grantees that he should not throw out a strip of his own land into the street then, but should "eventually throw it out all the way," does not show a dedication of the land to the public.

At a hearing for the assessment of damages occasioned by the location of a highway, a witness, called to testify to the value of land taken on one side of the highway, may be asked on cross-examination concerning the value of land upon the opposite side of the way, although the jury have not had their attention called to land upon that side

The burden of proving a waiver of damages by one whose land has been taken for a highway is on the party alleging the waiver.

PETITION to the county commissioners for a jury to assess the damages sustained by the petitioner by the taking of his land in the location of Orange Street, in Worcester. A trial was had before the sheriff, who certified to the court of common pleas the following rulings :

The record of the mayor and aldermen showed that the easterly line of the location of Orange Street passed under the petitioner's house in such a way as to cut off the southwest corner of the house to the depth of three feet and ten inches, and running thence to a point in the northwest corner, and contained this provision : " As a corner of said Willard Brown's house comes within the location of Orange Street as herein described, the location is made with the understanding that the said Brown is to have the privilege to have his house remain as it is, and not to be required to remove it until he, his heirs or assigns have occasion to rebuild or remove it, and no longer."

The petitioner called James S. Woodworth, a witness qualified to testify on this subject, and asked him " if he had made an estimate of the expense of moving the dwelling-house of Brown eastwardly from off said location, so far as it would be necessary to have it moved in consequence of the laying out of said Orange Street." But the sheriff, at the request of the respondents, excluded the evidence ; on the ground that Brown, by the provision in the location, had the right to have his house remain as it was, and, not being required by law to move it, was not entitled to any damages for removing it.

Orange Street extended from Plymouth Street on the south to Park Street on the north, at the corner of which was the petitioner's land. The respondents contended that the petitioner,

before the location, had dedicated to the public the land over which the street was located; and also, by certain conveyances of house lots on the east side of the street, " had obligated himself to his grantees to throw out into said Orange Street, as a part of said street, all that portion of his land covered by the location ; " and, to sustain this last position, offered in evidence two deeds from the petitioner; one to James A. Whipple, of a lot of land next south of the petitioner's land, and on the same side of Orange Street, described as " lying on the southeasterly side of Orange Street," " with a right of way in said Orange Street ; " and the other to Stephen Bartlett, of the lot of land next south of Whipple's, described as " lying on the southeasterly side of Orange Street," " with a right of way in said Orange Street to Park Street ; said Orange Street to be thirty seven feet wide from Plymouth Street to " the northwesterly corner of Whipple's land. It was agreed that, at the time of the conveyances to Whipple and Bartlett, Orange Street, which was then and down to the time of this location a private street, was thirty feet wide at its junction with Park Street, and gradually widened until it reached the north line of the land conveyed to Whipple, and thence continued of the width of thirty seven feet to Plymouth Street. By this location, no part of the land of Whipple and Bartlett was taken; but a strip of land claimed by the petitioner, extending from Whipple's land to Park Street, of the width of four feet at the south end, and three feet on Park Street, was taken, which strip of land had always been inclosed and occupied by the petitioner. The petitioner objected to the introduction of the deeds to Whipple and Bartlett; but the objection was overruled, and the deeds were read to the jury.

The respondents were permitted, against the petitioner's objection, to introduce the testimony of Bartlett and Whipple to statements of the petitioner in conversation with them, before and at the time of said conveyances, that he should not throw out this strip of land into the street then, but should " eventually throw it out all the way."

Upon these points, the sheriff instructed the jury "that if they were satisfied that the petitioner, in his deeds to Whipple

and Bartlett, fixed the east line of Orange Street four feet fur-
ther east than the line was before he made his conveyances to
Whipple and Bartlett, they are entitled to have that line ex-
tended to Park Street, cutting off four feet of said Brown's land
all the way, and widening the street to that extent, and that
under such circumstances said Brown ought not to recover of
the city for the land taken by the city, provided that no more
than the four feet was taken." The petitioner excepted to this
instruction, and requested that the jury be instructed " that if
Brown, in his deeds to Bartlett and Whipple, fixed the east line
of Orange Street, in front of their lots, and as the street extended
south to Plymouth Street, four feet further east than it was
before, it did not follow that they had the right to have the east
line fixed four feet further east on that part of Orange Street
extending in the other direction towards Park Street; " which
instruction the sheriff declined to give.

The respondents also contended that the petitioner had waived
all his claim to damages, and offered evidence that at the meet-
ings of the mayor and aldermen, when the subject of locating
Orange Street was under consideration, it was stated that the
petitioner claimed no damages; but there was conflicting evi-
dence whether the petitioner was present when this statement
was made. The respondents also offered the testimony of one
of the aldermen, that at these meetings he never heard the peti-
tioner make any claim for damages. The petitioner objected to
evidence of any statement made at meetings of the mayor and
aldermen, unless it appeared that he was present; but the sheriff
admitted the evidence; and ruled that the petitioner was not to
be affected by any statements not made in his presence and
hearing; and instructed the jury "that they must be satisfied
beyond a reasonable doubt that a waiver of damages was made
by Brown himself, or by some one authorized by him to make
it, and that it applied to the location established by the decree,
or it could not avail to cut off his claim to damages."

The jury returned a verdict for the respondents, which was
accepted by the court of common pleas, and the petitioner ap-
pealed to this court.

This case was argued at Worcester at October term 1858.

*F. H. Dewey & H. Williams,* for the petitioner, to the point that the mayor and aldermen had no power to make the pro- vision in the location for the house remaining in its place, and that the petitioner might recover the expenses of removing it, cited Rev. Sts. *c.* 24, §§ 66–78; *Hyde* v. *County of Middlesex,* 2 Gray, 267; *Commonwealth* v. *King,* 13 Met. 115; *Common- wealth* v. *Weiher,* 3 Met. 445; and to the point that the deeds of Whipple and Bartlett were not evidence of the dedication of land to the public, 2 Greenl. Ev. § 662; *Hobbs* v. *Lowell,* 19 Pick. 405; *Noyes* v. *Ward,* 19 Conn. 250; *Cincinnati* v. *White,* 6 Pet. 431.

*P. C. Bacon & P. E. Aldrich,* for the respondents, to the point that the mayor and aldermen had power to make the provision in the location respecting the petitioner's house, cited Rev. Sts. *c.* 24; *St.* 1848, *c.* 98; to the point that the petitioner, by the terms of his deeds, had bound himself to throw the piece of land in question into the highway, *Parker* v. *Smith,* 17 Mass. 413; and to the point that the declarations of the petitioner to Bartlett and Whipple were admissible to prove a waiver of dam- ages, *White* v. *County Commissioners,* 2 Cush. 361.

DEWEY, J.   In the opinion of the court this verdict must be set aside, upon various grounds of objection to the rulings of the sheriff.

1. The order of the county commissioners in making the location, containing the following provision, " As a corner of said Willard Brown's house comes within the location of Orange Street as herein described, the location is made with the under- standing that the said Brown is to have the privilege to have his house remain as it is, and not to be required to remove it until he, his heirs or assigns have occasion to rebuild or remove it, and no longer," does not prevent the petitioner from claiming damages for the necessary expense of removing said house, if rendered expedient by reason of such location, or for the injury to the same occasioned by the location of the road.   So far as the location of this road embraced any part of this house, it was an absolute location, and might be treated as such by the peti

tioner, and he was entitled so to act upon it in reference to such house.

2. The ruling of the sheriff excluding the testimony of Woodworth, as to the expense that would be incurred by a removal of such house from the limits of the newly located road, was also erroneous.

3. The deeds to Whipple and Bartlett do not show that, by these conveyances, the petitioner had obligated himself to his grantees to surrender and yield up as a part of Orange Street all that portion of his land covered by the location of this way, or that they are entitled to have a line extended to Park Street, cutting off four feet of Brown's land, and widening the street to that extent.

4. The testimony of Stephen Bartlett, as to the declaration of the petitioner when speaking of the strip of land on the east side of Orange Street, " I shall not now throw it out, but I shall eventually throw it out all the way," does not show a dedication of this land to the public; nor does the testimony of James A. Whipple establish any such dedication.

5. As a matter of cross-examination, it was competent for the petitioner to ask a witness called by the respondents to testify to the value of the petitioner's land, what was the value of the land on the west side of Orange Street, although the jury might not before have had their attention directed to the land on that side of the street.

It may be proper to add, in reference to the future hearing, that it was competent for the defendants to submit to the jury any proper evidence tending to show that the petitioner had, prior to the location of the road and with a view of securing the same, waived all claim for damages to his land and buildings occasioned by such location. This must be shown affirmatively by those who rely upon it as a bar to all claim for damages.

*Verdict set aside.*